

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00754-CR

Sonya Elaine **HICKMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR2962
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: April 30, 2025

DISMISSED FOR WANT OF JURISDICTION

Appellant, Sonya Elaine Hickmon, attempts to appeal her June 24, 2024, conviction for unauthorized use of a motor vehicle. Because Hickmon did not file a timely motion for new trial, the deadline for filing her notice of appeal was July 24, 2024. *See* TEX. R. APP. P. 26.2(a). Hickmon, however, did not file a notice of appeal until October 14, 2024, which was nearly three months late.[1]

---

[1] On October 14, 2024, the trial court clerk file-stamped a letter that Hickmon had written to the trial judge. The letter, which is undated, was postmarked on October 1, 2024. In the letter, Hickmon stated, "Im [sic] asking the court to Grant [sic] me the appeal [sic] please or overturn [sic] my case." This letter is the earliest notice of appeal that appears in the record and, because the letter was addressed to the trial judge and not to the trial court clerk, the prisoner mailbox

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest a court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Without a timely filed notice of appeal, an appellate court lacks jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton*, 981 S.W.2d at 210.

Here, Hickmon's notice of appeal was filed nearly three months after the deadline for filing her notice of appeal. As a result, on November 25, 2024, we ordered Hickmon to show cause why this appeal should not be dismissed for want of jurisdiction. Hickmon, through counsel, filed a response on December 16, 2024. The response, however, does not show that we have jurisdiction; rather, Hickmon concedes that her notice of appeal was not timely filed and requests that we "allow her to pursue her appeal in the interest of justice."

Because the notice of appeal was untimely, Hickmon failed to invoke our jurisdiction in this case, and we lack jurisdiction to take any action other than dismiss this appeal. *See Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522–26. Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

PER CURIAM

DO NOT PUBLISH

---

rule is not applicable to this case. *See Anderson v. State*, 625 S.W.3d 128, 131–34 (Tex. Crim. App. 2021). Accordingly, we conclude that the appropriate filing date for the notice of appeal is October 14, 2024. *See* TEX. R. APP. P. 9.2(b); *Anderson*, 625 S.W.3d at 131–34; *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

Moreover, even if the prisoner mailbox rule applied, Hickmon must have handed the letter to prison authorities by July 24, 2024, for the notice of appeal to be timely, but the letter was not postmarked until more than two months later, on October 1, 2024, and nothing in the record shows that Hickmon handed the letter to prison authorities prior to the date on which it was postmarked.